## John P. Clark and another v. Lydia A. Raymond*.

*Statute construed: Mechanic's liens: Jurisdiction: Pleadings: Petition: Answer: Admissions.* In proceedings under the statute (*Comp. L. 1871, ch. 215,*) to enforce a mechanic's lien upon real property it is essential that every substantial requisite and every fact essential to jurisdiction should appear upon the record. It is essential to the creation of any lien under § 6789 of the statute, that the contract be made with the owner, part owner or lessee of the land; and a petition to enforce an alleged lien under that section. which fails to allege that the respondent was either owner, part owner or lessee of the land upon which the lien is sought to be enforced, or to set out that he had any interest therein whatever, is fatally defective; and this defect would not be cured by an admission in the answer that the respondent was the owner of the land described in the petition; and especially not where this admission is coupled with an express denial that the work charged for by the petition was done or agreed to be done on that land.

*Mechanic's liens: Dredging for a wharf.* Whether dredging out a slip for a wharf and throwing the excavated dirt within the line of the proposed wharf and scraping the same back and leveling it off is such work as could be made the subject of a lien under the statute :—*Quære?*

*Proceedings to enforce mechanic's lien: Evidence.* When the alleged contract under which the work is claimed to have been done is an oral one, and its

*See *Clark v. Raymond, 26 Mich., 415,* and *Sess. L. 1873, pp. 119, 465.*

terms are disputed, the lien will not be sustained unless the evidence of the petitioner is clear and decisive as to the real nature and terms of the actual contract, and so far preponderates as to satisfy the court without much hesitation of the correctness of his allegations; and the evidence in this case was not of that character.

*Practice in supreme court: Costs.* The fatal defect upon which the decree of the court below was reversed, being one appearing on the face of the petition, and to which the respondent made no objection in the court below, no costs were awarded to either party.

*Heard July 8 and 10. Decided July 15.*

Appeal from Bay Circuit, in proceedings to enforce a mechanic's lien under the statute.

The work for which the lien was sought to be enforced in this case, was dredging out a slip for a wharf or dock, and throwing the excavated dirt within the line of the proposed wharf, and scraping the same back and leveling it off.

*Sutherland & Wheeler*, for petitioners.

*McDonell & Cobb*, for respondent.

GRAVES, J.

This is an appeal from a decree made in the circuit court in a proceeding to enforce a lien upon real property under the provisions of *chapter 215, Comp. L. 1871.* Upon the service of the petition in March, 1871, and an order made thereon by the circuit judge requiring the respondent to answer within twenty days, and stating that in case of default the petition would be taken as confessed, she made her answer in due season. The parties thereupon proceeded to take their respective proofs, and in May, 1872, the court granted a decree in favor of the petitioners, and the respondent appealed. There is a good deal of evidence in the case, much of which is conflicting and contradictory, and several important questions have been raised, some of which are not free from difficulty. But the view we feel compelled to take of the case not only dispenses with any discussion of the generality of these questions, but

presents the matter in an aspect which shows that they can not now be regularly subjected to discussion.

The statute under which these proceedings have been carried on is quite anomalous, and may easily be perverted to work great oppression and injustice.

It professes to establish a chancery remedy, but in many important particulars, and in regard to many very substantial matters, it departs widely and fundamentally from any course in equity hitherto known.

It assumes to confer upon the circuit courts and circuit judges very broad discretionary powers, and expressly declares that the proceedings shall be "summary." When the petition is exhibited the act declares that "the said court or judge thereof shall proceed to hear the matter in a summary manner, either in term or in vacation, as shall be directed by said court or judge in each case, from time to time; and every act, matter or thing which this chapter provides shall be done by the court, may be done by the judge thereof, in term or in vacation. Amendments to all proceedings and pleadings shall at all times be allowed for the furtherance of justice. If at any time during the progress of the proceedings it shall appear that any person interested has not had sufficient notice of any of said proceedings, the court may order such further notice as may be considered just and effectual."—§ *6794.*

In proceeding to administer such a law, it is indispensable to advance with care, and to see to it that every substantial requisite, and every fact essential to jurisdiction appears upon the record.

If the petitioners in this case ever acquired any lien, it was by force of the first section of the statute under which the petition was filed. They must therefore have been in the position, and the other party must have held the estate or interest there described, to give rise to any lien whatever. The statute declares the conditions on which the lien will arise, and the appearance of those [conditions is indispensable to an assertion of the lien. The words of

the statute are as follows: "Every person who shall, by contract, express or implied, with the owner or part owner or lessee of any piece of land, furnish labor or materials for constructing or repairing any building, wharf or appurtenances, or who shall construct, repair or put up any engine, machinery or appurtenances upon such land, shall have a lien therefor upon the said building, wharf; machinery and appurtenances, and the entire interest of said owner, part owner or lessee in and to the said land, not exceeding one quarter of a section, including such building, wharf, or machinery and appurtenances, or, if said land is within the limits of an incorporated city or village, on the lot or lots on which said building, wharf, machinery or appurtenances are situated, in the manner hereinafter provided, for the amount that may be due or to come due by virtue of said contract: *Provided* that no lien created by virtue of this act shall exceed the interest of the contracting party."—§ *6789.*

In order that there may be any lien under this statute there must be an express or implied contract with the owner, or part owner, or lessee of the land, and unless the party with whom the contract is made is either such owner, part owner, or lessee, no lien will arise or attach. The making a contract of the kind indicated, and its performance, will not suffice. There may be an express contract for building a wharf or any other of the enumerated structures, but it will not be the basis of any lien unless the party with whom it is made is the owner, part owner or lessee of the land, and a declaration or statement in a proceeding founded on the statute, that such a contract was made with a particular party, and subsequently fully performed, would not comprehend the substance of those facts which are involved in the idea of a lien under this law. Unless the interest of the contracting party in the land is in some way or form explained or manifested, an indispensable element is lacking.

From the very nature of the case the particular interest of the respondent in the land must become a subject for investigation, and whenever it involves any material question of fact, such question, under the express provisions of the law, would be open to submission to a jury. An issue upon that interest ought surely to be tendered on the record by the petition.

In the case before us the petition sets up a verbal contract made on the 13th of November, 1869, by the petitioners with the respondent, for the performance of certain work, and alleges that the work was done on a parcel of land which is definitely described. It charges that there is due and owing upon the work about one thousand two hundred ninety-five dollars and ninety-seven cents, including interest at ten per cent. from the completion of the work. It also represents that the petitioners, in February, 1871, filed with the register of deeds a certificate verified by one of them, and containing the terms of the contract and a description of the premises, together with a statement of the amount due with all credits; that such certificate was recorded on the same day, and that on the 9th of February, 1871, a notice of the filing of said lien was served on the respondent.

The petition then prays that all and singular the interest of the respondent in the premises at the time the lien was created, or, in the language of the petition, "which she may hereafter acquire therein since that date," may be sold or otherwise disposed of "in pursuance of the statute in such case made and provided," and that the proceeds may be applied to satisfy the petitioners' said lien and their costs, and for general relief, etc.

Whether the respondent was owner, part owner, or lessee, or indeed had any interest in the land whatever, does not appear from the petition. The difficulty does not consist of a defective statement of matter, but in the total lack of matter. According to the view I entertain of the statute and of the nature of the proceeding which it authorizes, this defect

is fatal. I think it was essential to the jurisdiction that enough should appear in the petition to indicate at least that the contractee had some interest in the land.

It may be contended that this defect in the petition was cured or obviated by the answer of the respondent, where she admitted that she was the owner of the land described in the petition.

I think the statute when properly considered will not justify any such conclusion. The petition is the first step in the proceedings in court, and the whole right to proceed depends upon whether that shows the existence of those main and substantial facts essential to the statutory lien, and such as to invest the court with authority to go on under the act. If no such case is presented, then there is no case to warrant the court in requiring an answer, and nothing of which it can rightly take cognizance. But if this were otherwise, I think the answer before us would not avail to aid the petitioners.

The statement therein contained would have to be taken in its entirety, and the same passage which contains the admission of ownership of the land specifically described in the petition, contains, coupled with it, an express denial that the work charged for by the petition was agreed to be done or was done on that land. This clog upon the admission would, I think, render it ineffectual to supply the omission in the petition, if that proceeding could be helped as to such a matter in that way.

The foregoing considerations are believed to be such as to require us to set aside the decree of the court below and dismiss the petition.

The result which has been reached makes it inappropriate to discuss the case upon the evidence, and supersedes the necessity of an examination of several questions which were argued on the hearing. Speaking for myself, however, I confess that I should feel much hesitation in holding that the kind of work done by the petitioners could be made the subject of a lien under this law.

It is perhaps admissible to intimate that we feel less reluctance in disposing of the case upon the point which has been considered, since we are all inclined to think that upon the whole the evidence is not so clear and decisive as to the real nature and terms of the actual arrangement between the parties as it should be to warrant the founding of a decree upon it under the summary and very stringent provisions of this peculiar and unusual enactment. We are fully persuaded that when a party attempts to enforce a lien under this law, he should be held to make clear and satisfactory proof of the agreement upon which he bases his lien, and if the agreement is verbal, and the parties are wholly at variance in their evidence as to its substantial terms, as in this instance, the evidence of the petitioners ought to be so preponderant as to satisfy all reasonable and just minds without much hesitation of the correctness of their allegations.

In the disposition we feel compelled to make of the case, we think neither party should recover costs as against the other. The fatal defect in the proceedings, upon which we base our order, appeared on the face of the petition, and we do not discover that for this the respondent made any objection in the court below, as she might and should have done.

COOLEY, J., and CHRISTIANCY, Ch. J., concurred.

CAMPBELL, J., did not sit in this case.