KNAPP ELECTRICAL WORKS *v.* MECOSTA ELECTRIC CO.

MECHANIC'S LIEN—PLEADINGS—ALLEGATION OF OWNERSHIP.
A bill to enforce a lien under section 1 of the mechanic's
lien law (Act No. 199, Pub. Acts 1893) is fatally defective if it
fails to allege either that the defendant was the owner of the
land against which the lien is sought to be enforced, or that
he was possessed of an interest therein.

Appeal from Mecosta; Palmer, J.    Submitted June 18,
1896.    Decided July 31, 1896.

Bill by the Knapp Electrical Works against the Mecosta
Electric Company, William E. Donley, and others, to
enforce a mechanic's lien.    From a decree dismissing the
bill, complainant appeals.    Affirmed.

*George P. Stone*, for complainant.

*C. H. Thrall* and *L. G. Palmer*, for defendant Don-
ley.

MOORE, J.    The complainant's bill in this case is filed
for the purpose of enforcing the lien of a material man
upon an electric lighting plant in the city of Big Rapids.
The bill is taken by default as against all the defendants
except defendant Donley, who defends on the ground
that, at the time of the filing of the bill, he owned the
plant, and was in full possession of the same, under a
title from the Mecosta Electric Company, acquired by
the foreclosure of a chattel mortgage executed to him
by the Mecosta Electric Company, which title he claims is
paramount and prior to complainant's lien or claim.    The
case was tried upon pleadings and proofs taken in open
court.    The defendant introduced no proofs, but rested
on the claim that the pleadings, together with complain-

ant's proofs, were not sufficient upon which to base any decree for complainant. Upon the completion of complainant's proof, the defendant moved to dismiss complainant's bill, for the reason that it had failed to make out its case by its pleadings and proofs. The motion was granted, and a decree entered dismissing the bill.

A great many questions are raised upon the part of the complainant, but, in our view of the case, it will not be necessary to consider many of them. The bill of complaint fails to allege that, at the time the machinery was sold for which it seeks to establish a lien, the Mecosta Electric Company, to whom it is alleged the goods were sold, owned any title or interest in the real estate against which a lien is sought to be enforced, or that it has owned any title or interest in said property since said machinery was sold. Neither did the complainant offer any proof of any title, leasehold, or other interest in said real estate, or of the franchise of the Mecosta Electric Company. The circuit judge regarded these defects as fatal.

It is essential to the creation of any lien, under section 1, Act No. 199, Pub. Acts 1893, that the contract be made with "the owner, part owner, or lessee of any interest in real estate." A bill of complaint to enforce an alleged lien under that section, which fails to allege that the defendant was either owner, part owner, or lessee of the land upon which the lien is sought to be enforced, or to set out that the defendant had any interest therein whatever, is fatally defective. *Clark v. Raymond*, 27 Mich. 456; *Willard* v. *Magoon*, 30 Mich. 273; *Wagar* v. *Briscoe*, 38 Mich. 587; *Peninsular General Electric Co.* v. *Norris*, 100 Mich. 502.

We think the bill was properly dismissed. The decree is affirmed, with costs of both courts.

The other Justices concurred.