[No. 8180.   Department One.   November 5, 1909.]

FAIRBANKS-MORSE COMPANY, *Appellant*, v. UNION BANK & TRUST COMPANY, *Respondent*.[1]

MARITIME LIENS—MATERIALS FURNISHED UNDER CONDITIONAL SALE —STATUTES—CONSTRUCTION. The lien upon vessels for material furnished in their construction or repair in this state, given for three years by Bal. Code, § 5953, is not affected by the fact that a conditional bill of sale was given for marine engines furnished for a ship, the title to the engine being retained by the vendor as security, and that the bill of sale was not filed pursuant to Laws 1903, p. 6, providing that a conditional bill of sale not filed within ten days shall be absolute as to subsequent incumbrancers in good faith; since the lien given by Bal. Code, § 5953, attaches whether the sale was absolute or conditional.

SAME—CONDITIONAL SALES AS WAIVER OF LIEN. The vendor of a marine engine furnished for a ship does not waive a lien given upon the ship, her tackle, apparel, etc., by reserving a specific lien upon the engine by means of a conditional bill of sale, since retention of title is not inconsistent with the lien and does not waive statutory liens.

SAME—WAIVER OF LIEN—ADDITIONAL SECURITY. The rule that retention of additional security waives statutory liens does not apply to maritime liens under Bal. Code, § 5953, because the rule is founded upon the theory that subsequent creditors rely upon the records, and under this statute no record notice of the lien is provided for.

SAME—MARITIME LIEN WITHOUT NOTICE—POSSESSION OF ARTICLE. The lien given by Bal. Code, § 5953 upon a vessel, her tackle, apparel, etc., for three years, without the filing of any notice, is not merely declaratory of the common law and dependent upon retaining possession, since the statute contemplates delivery of possession to the owner of the ship and gives a lien upon articles never in the possession of the claimant.

[1]Reported in 104 Pac. 815.

SAME—TIME FOR ENFORCEMENT—NOTICE—LACHES. The lien upon a vessel given by Bal. Code, § 5953, for materials furnished is not lost by laches in failing to give notice or to assert the lien when action is taken within the three years allowed by the statute.

GOSE and FULLERTON, JJ., dissent.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered May 15, 1909, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action to establish a lien under a conditional sale contract. Reversed.

*Cake & Cake* and *Conway & Snider*, for appellant.
*John C. Hogan* and *E. J. Adams*, for respondent.

MORRIS, J.—On December 18, 1906, appellant sold to defendant Bernard a marine engine, as part of the equipment of the tug "Florence B.," for the sum of $2,150. Such sale was manifested by a written agreement under which appellant retained the title to the engine until the payments provided for in the agreement were fully made. This agreement, being in effect a conditional sale contract, was not recorded until the 18th day of July, 1908. On October 24, 1907, Bernard gave a mortgage upon the Florence B., including her machinery and engine, to the respondent, as security for a loan of $7,000. The mortgage was also conditioned as security for future advances, which were made until the debt aggregated the sum of $22,000. On December 4, 1908, the respondent commenced foreclosure proceedings upon this mortgage, resulting in a decree of foreclosure in its favor. The sheriff took possession of the tug under an order of sale based upon the foreclosure decree, and was about to sell, when the appellant commenced this action, claiming a lien upon the tug in the sum of $1,100.69, being the balance claimed to be due upon the original purchase price of the engine, and praying that its lien be established as prior to respondent's mortgage. Upon the trial the court

below established the lien, but held it to be subsequent and inferior to respondent's mortgage, and upon so entering its decree, the case is brought here on appeal.

There is no dispute as to the facts, the only question involved being, Has appellant a valid and subsisting lien, and is it prior or subsequent to respondent's mortgage? At the time of the execution of respondent's mortgage, it had no knowledge that the engine was not paid for, nor had it notice of the execution or existence of the conditional sale contract under which the engine was delivered to Bernard, and appellant admits that respondent was an incumbrancer in good faith. It is also admitted that, at the time of the making of the loans by respondent and the execution of its mortgage, Bernard was in full and sole possession of the tug Florence B. Bal. Code, § 5953 (amended by Pierce's Code, §6077), provides that,

"All steamers, vessels, and boats, their tackle, apparel, and furniture, are liable, . . . For work done or material furnished in this state, for their construction, repair, or equipment, at the request of their respective owners, . . . Demands for these several causes constitute liens . . . and have preference over all other demands; but such liens only continue in force for a period of three years from the time the cause of action accrued."

There is no provision made in the statute for any filing or record of such lien, nor is there any special provision made for its foreclosure. It is the contention of appellant that, under this statute, its lien was created by, and existed from and after, the sale of the engine and its installation as part of the equipment of the Florence B., and that, three years not having elapsed from said time, said lien was in full force and effect at the time of the execution of respondent's mortgage, and is superior thereto; while respondent contends that the execution of the conditional sale contract operated as a waiver of the lien, and that, such contract not being filed for record within ten days, the sale became absolute, under the provisions of Bal. Code, §4585 (P. C. §6547), as

amended by Laws 1903, p. 6, to the effect that all conditional
sales of personal property, where the property is placed in
the possession of the vendee, shall be absolute as to incum-
brancers and subsequent creditors in good faith, unless a mem-
orandum of such sale be filed within ten days after the vendee
takes possession; repondent's argument being that, such sale
having become absolute for failure to record any memo-
randum thereof within ten days, any lien which might have
existed prior thereto is destroyed; that the statutory ex-
pression "absolute" excludes the existence of any lien.

We cannot agree with this contention. If the sale became
"absolute," it could only mean that, because of appellant's
failure to record the memorandum within ten days, it could
not retain the title to the engine as security for the deferred
payments, and that such title passed to Bernard, and became
"absolute" in him as to his subsequent creditors in good
faith. The lien upon the vessel provided for in Bal. Code,
§ 5953 (P. C. § 6077), applies to all furnishing of material
for the equipment of vessels, including materials furnished
under an "absolute" sale. So that, if such sale became "ab-
solute" as to respondent as a subsequent incumbrancer, in
good faith, it still retained all its liability and subjection to
appellant's lien. The only effect of the conditional sale stat-
ute and appellant's failure to comply therewith was that as
to respondent it could no longer retain within itself the title
to the engine, and that such title vested in Bernard and be-
came subject to the lien of respondent's mortgage. Such
lien so created would thereupon take its order among other
liens properly created either by law or the act of parties.
There is no provision in the conditional sale statute which
attempts to destroy the effect of any valid existing lien. It
simply gives to subsequent incumbrancers in good faith and
without notice a right to hold the property as a lien or secur-
ity for their debt, which otherwise they would not have had.
If, as between appellant and respondent, the sale at the time
of the execution of respondent's mortgage had become abso-

lute, appellant could not and did not lose any right which by virtue of the lien statute vested in it upon an absolute sale of property, and its lien was still valid and in full force and effect.

Respondent suggests that appellant, having reserved the title in itself under the conditional sale contract, it thereby waived its lien. The retention of title in itself under the conditional sale contract, until full payment had been made, was not inconsistent with the lien given appellant by statute. The conditional sale contract gave it a specific lien upon the identical property furnished, the statute gave it a general lien upon the vessel, its tackle, apparel, and furniture. It had an undoubted right to secure the payment of its debt in any manner recognized in the law, whether such security was written in the contract of sale or attached by virtue of the statute. It is not the law that, by taking advantage of one form of security, a party thereby waives or loses any other form which in law attaches to the contract. Appellant could look to Bernard personally for the payment of its debt, and to any and all other remedies conferred by · law to enforce payment of the debt. *Case Mfg. Co. v. Smith*, 40 Fed. 339.

It is the undoubted rule of law that reservation of title to property in the vendor, until full payment of purchase price, does not defeat or waive any specific lien created by statute. *Hooven O. & R. Co. v. Featherstone's Sons*, 111 Fed. 81; *Chicago & A. R. Co. v. Union Rolling-Mill Co.*, 109 U. S. 702, 3 Sup. Ct. 594, 27 L. Ed. 1081; *Clark v. Moore*, 64 Ill. 273; *Anthony v. Smith*, 28 Tenn. 508; *Fogg v. Rogers*, 42 Tenn. 290; *Kilpatrick v. Kansas City etc. R. Co.*, 38 Neb. 620, 57 N. W. 664, 41 Am. St. 741; *Peninsular General Elec. Co. v. Norris*, 100 Mich. 496, 59 N. W. 151. Wherever it has been held that additional security waives statutory liens, such ruling is founded upon the theory that subsequent creditors may place full reliance upon the records as determining the condition of the property. *Chapman v. Brewer*, 43 Neb. 890, 62 N. W. 320, 47 Am. St. 771. Such a rule

cannot prevail here as applied to this character of lien, because the lien is a secret one, attaching upon the furnishing of the material. No act is required on the part of the claimant to secure his lien. He is neither required to record it, to give notice, nor do any act to make his lien operative.

Respondent urges that the statute is merely declaratory of the common law and, following the general rule in common law liens, the lien is lost by delivery of possession. The statute determines otherwise. It does not contemplate retention of possession; it gives a lien upon that which the vendor never had in his possession. The vendor may, as in this case, furnish material for the equipment of the boat, and his lien is extended, not only to the material furnished, but the entire vessel, its tackle, apparel, and furniture is subject thereto. There is no connection nor relation whatever between the attachment of the lien and possession. From the reading of the statute it is plain that it contemplates possession remaining in the ownership of the vessel, from the fact that it gives liens to those who never have been in possession of the vessel or any part of its equipment.

Again, it is asserted that appellant should lose its lien because of its laches in not giving notice of its claim of lien, until the record thereof in July, 1908, eighteen months after the sale. The statute itself answers the contention. It gave appellant three years in which to assert its lien, and there could be neither laches nor estoppel while appellant was within the time granted him by the statute.

We therefore hold the court below was in error in holding appellant's lien inferior to respondent's mortgage. The judgment is reversed in so far as it establishes priorities of these liens, and the cause is remanded to the lower court with instructions to enter a decree establishing appellant's lien as prior and superior to respondent's mortgage. Appellant will recover its costs herein.

RUDKIN, C. J., and CHADWICK, J., concur.

Gose, J. (dissenting)—I think that our code, Bal. Code, § 5953, giving a lien for material furnished for steamers, vessels, and boats, contemplates a completed sale. The code, Bal. Code, § 4585 (P. C. § 6547), as amended by laws of 1903, p. 6, provides for the execution and filing of contracts "containing a conditional right to purchase." Pursuant to the later statute, the appellant's contract stipulated that: "It is agreed that Fairbanks-Morse Company does not relinquish its title to said property and that the title to said property shall remain in Fairbanks-Morse Company until fully paid for." I do not think the case presents the question of waiver or of inconsistent liens, but that the point to be determined is whether the first statute referred to gives one a lien upon his own property. The failure of the vendor to file the contract for record within ten days made the sale absolute as to purchasers, incumbrancers and subsequent creditors in good faith, but did not change its nature between the vendor and the vendee. The contract was made in 1906 and was filed for record on the 18th day of July, 1908, and after the execution of the mortgage. The actual legal title to the property remained in the appellant until it commenced its action for a recovery of the purchase price and the foreclosure of the alleged statutory lien. By its own act it could not convert a legal title into a retroactive sale, and thus invoke the protection of the statute. In most of the cases relied upon in the majority opinion, the title had been expressly reserved as security, whereas, in the instant case, it was reserved absolutely until the property was paid for. They are therefore distinguishable.

In *Peninsular General Elec. Co. v. Norris*, 100 Mich. 496, 59 N. W. 151, the title seems to have been reserved, and the case supports the majority opinion. However, I do not think it correctly expounds the statute, and the question being *res nova* in this court, I feel constrained to dissent from the view expressed by the majority.

FULLERTON, J., concurs with GOSE, J.