JACKSON CITY BANK *v.* CAMPBELL.

MORTGAGES—REGISTRATION—PRIORITY.

> A mortgage, withheld from record until after the registration
> of a subsequently executed mortgage, becomes subject
> thereto, if the second mortgagee had no notice of the other
> incumbrance: the first recorded conveyance has priority
> under 3 Comp. Laws, § 8988, 4 How. Stat. (2d Ed.) § 10850.

Appeal from Jackson; Smith (Clement), J., presiding.
Submitted June 10, 1912. (Docket No. 50.) Decided
November 8, 1912.

Bill by the Jackson City Bank against Robert Camp-
bell, Helen Turner, and others, for the foreclosure of a
real estate mortgage. From a decree for complainant,
defendant Turner appeals. Affirmed.

*Potter & De Land*, for complainant.

*Lyman B. Trumbull*, for defendant Helen Turner.

MOORE, C. J. The following is taken from the brief
of appellant:

"This suit was brought by the Jackson City Bank to
foreclose a mortgage given it by the defendant Robert
Campbell upon two pieces of property situated in the city
of Jackson. The defendant Helen Turner filed her cross-
bill asking for foreclosure of a prior deed, in the nature
of a mortgage, given her by Mr. Campbell on the same
property, also asking that her lien be given priority over
that of the Jackson City Bank. The circuit judge decreed
a foreclosure of both mortgages, but gave priority to the
bank. The appellant is seeking to have the decree modi-
fied so as to give priority to her lien. No other question
is involved on this appeal. The claim of the bank amounts
at this time to upwards of $3,600, and Mrs. Turner's
claim to upwards of $1,700. Unless Mrs. Turner be given
priority, nothing will be realized upon her mortgage, be-

cause the value of these properties is not in excess of the bank's lien.

"After this suit was commenced, by stipulation of all the interested parties, one of these pieces of property, known as the Wildwood avenue property, was sold for the sum of $3,000 and the money deposited with the register of the court, under agreement that the liens of the respective parties on that piece of property should be transferred to that fund and the decree run against the fund instead of the property. The other piece of property, known as the Webster street property, is worth about $600."

April 25, 1891, complainant made a deed of the Wildwood property to Marian Campbell. January 5, 1900, Marian Campbell deeded the same property to Robert Campbell. December 2, 1905, Mr. and Mrs. Campbell, for the purpose of securing an indebtedness of Mr. Campbell, deeded this property to Mrs. Turner. This deed had the following provision in it:

"This deed is given to secure the investment of $3,200, and if said moneys are not all paid back to Helen Turner to be in full force and effect. But, if said moneys are paid back, then this deed to be null and void."

It is conceded that this deed in fact was a mortgage. The last three mentioned deeds were not placed on record, but were all left with Mrs. Turner. In June, 1906, Mr. Campbell was indebted to the complainant bank. He stated to its vice president and cashier that he was the owner of the Wildwood property. The bank, without causing an examination of the record, granted an extension of time to Mr. Campbell, and Mr. Campbell and his wife executed and delivered to the bank a mortgage, containing no covenants of title or warranty covering the property in question, purporting to secure said bank for indebtedness which Mr. Campbell might from time to time be owing it. Said mortgage was dated June 15, 1906, acknowledged June 27, 1906, and was recorded on the 12th day of January, 1907.

The above being the undisputed facts, the question is, Did the trial court err in its decree? The position of the

appellant is stated by her counsel as follows (we quote from the brief):

"If the complainant had gone to the records, it would have found title in Waldron and nothing to indicate that Campbell ever had any claim upon the property. Would this not naturally have raised the inquiry as to where was Mr. Campbell's deed? For what purpose was his deed or deeds being withheld from record? The registration books were open to Mr. Potter, and, if he did not actually make use of them, the bank cannot now complain that it did not have the benefit of the inquiry which he would have made if the facts as they appeared in the books had been disclosed to him. A question or two put to Mr. Campbell would have disclosed the whereabouts of the deeds and the purpose for which they were left with Mrs. Turner, or, if Campbell had not disclosed these facts, his inability to produce or account for the deeds would have put Mr. Potter upon further inquiry, and, until they were located, no man acting in a reasonable way would have parted with a consideration for that kind of security. Was Mr. Potter not put upon inquiry by the absence of these deeds to determine what had been done with them, and can it be said that he acted in good faith within the meaning of the law?

"The argument under this head resolves itself into this: When a mortgagor deposits with the mortgagee his unrecorded title deeds, has the mortgagee not a right to presume that, as far as the mortgagor is concerned, no person acting in good faith and for valuable consideration will take another conveyance until these deeds are produced? We regret that diligent research has not disclosed other cases where this exact point has been presented."

The legislature has made an effort to guard the rights of parties who acquire titles to, or liens against, real estate. Section 8988, 3 Comp. Laws (4 How. Stat. [2d Ed.] § 10850), reads as follows:

"Every conveyance of real estate within this State hereafter made, which shall not be recorded as provided in this chapter, shall be void as against any subsequent purchaser in good faith, and for a valuable consideration of the same real estate or any portion thereof whose conveyance shall be first duly recorded."

We have held that this section applies to mortgages as well as deeds. *Burns* v. *Berry*, 42 Mich. 176 (3 N. W. 924); *Peninsular General Electric Co.* v. *Norris*, 100 Mich. 505 (59 N. W. 151). The object of the registry laws is stated in the note to section 8978, 3 Comp. Laws (4 How. Stat. [2d Ed.] § 10840). The parties to this litigation had the misfortune to believe a man to be honest who was in fact dishonest. One of them withheld her evidence of a lien from record. The other one recorded its lien, and thereby became entitled to the benefit of the statute.

The decree is affirmed, with costs.

STEERE, MCALVAY, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred.