MATOSH v. METROPOLITAN TRUST CO.

1. MORTGAGES—PRIORITY—RECORDING—NOTICE.
    Mortgage made and accepted with full knowledge of prior un-
    recorded mortgage is subordinate thereto, although it be first
    recorded.

2. SAME—ASSIGNMENTS—RECORDING.

> Assignees of mortgage are bound by such notice as record afforded of another mortgage of prior date but subsequently recorded, of which their assignor had actual knowledge.

Appeal from Wayne; Runnels (Herbert W.), J., presiding. Submitted January 6, 1933. (Docket No. 63, Calendar No. 36,586.) Decided March 2, 1933.

Bill by John Matosh and another against Metropolitan Trust Company, a Michigan corporation, as trustee, and others to foreclose a mortgage and establish its priority over another mortgage. Decree for plaintiffs. Defendants appeal. Affirmed.

*Wayne Van Osdol* (*Kenneth D. McGregor,* of counsel), for plaintiffs.

*Harry R. Keller* (*Robert J. Hanley,* of counsel), for defendants.

CLARK, J. The bill was filed to foreclose a mortgage made by Schlee-Brock Aircraft Corporation to plaintiffs, and to establish its priority over a mortgage by same mortgagor to Johanna Janesick, and by her assigned to Emma Ohlsson and Gustave Carlson. From decree for plaintiffs, defendants have appealed.

Plaintiffs' mortgage was made April 14, 1930, and recorded May 28th following. The mortgage to Mrs. Janesick was made April 24, 1930, and recorded May 19th following. So it appears the second mortgage was recorded before the first mortgage to plaintiffs. On June 18, 1930, Mrs. Janesick assigned her mortgage to said Ohlsson and Carlson. A finding of the trial judge, fully sustained by the record, is that the Janesick mortgage was made and ac-

cepted with full knowledge of the then unrecorded mortgage to plaintiffs. *Loveland* v. *Bump,* 198 Mich. 564. When the assignment of the Janesick mortgage was made, both the mortgages had been recorded, and it appeared of record that plaintiffs' mortgage was prior in point of time by 10 days. The assignees are bound by the notice so afforded by the record. Mrs. Janesick is held to have had actual knowledge of plaintiffs' prior mortgage. The assignees are charged with the notice of record and cannot be held to be subsequent transferees without notice.

We quote syllabus of *VanAken* v. *Gleason,* 34 Mich. 477:

"The purchaser of a mortgage is held bound by such notice as the registry afforded of another mortgage of the same date, but subsequently recorded, of which his vendor had actual knowledge."

See *Fischer* v. *Lauhoff,* 222 Mich. 128; *Jackson City Bank* v. *Campbell,* 172 Mich. 541; 23 R. C. L. p. 194; *English* v. *Waples,* 13 Iowa, 57; *Daniel* v. *Tolon,* 53 Okla. 666 (157 Pac. 756, 4 A. L. R. 704); *Stianson* v. *Stianson,* 40 S. D. 322 (167 N. W. 237, 6 A. L. R. 280); *Stearns Lighting & Power Co.* v. *Central Trust Co.,* 139 C. C. A. 442 (223 Fed. 962).

Affirmed, with costs.

McDonald, C. J., and Potter, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.