## Andrew Van Wert v. Sarah Chidester and others.

*Bill in equity: Parol trusts in lands: Equitable interests: Deed by way of security.* The bill in this case is held not open to the construction that it makes out only a case of a parol trust in lands; its allegations, though not as explicit as they might have been, are sufficient to make out a case for equitable relief against a deed given as security.

VAN WERT *v.* CHIDESTER.

*Real estate: Equitable interests: Muniments of title: Evidence.* To establish an equitable right in lands, in opposition to the muniments of title, the parol evidence of the understanding of the parties ought to be very clear and distinct, and should leave no doubt regarding the precise terms of the agreement; and the evidence in this case was not of that character.

*Chancery cases: Costs: Estates of deceased person: Expenses of administration.* Costs in chancery cases are, by the statute (*Comp. L. 1871, § 7386*), subject, except in a few specified cases, to the discretion of the court; and in this case, which was a bill to establish an equitable title in lands belonging to the estate of a deceased person, and which appears to have been prosecuted in good faith, the taxable costs are decreed to be a charge upon the estate, as a part of the necessary expenses in the administration of the estate, though the relief prayed by the bill was denied.

*Heard January 7.    Decided January 26.*

Appeal in Chancery from Kalamazoo Circuit.

*J. L. Hawes,* for complainant.

*Severens, Boudeman & Turner,* for defendants.

COOLEY, J.

The bill in this case was filed for the purpose of establishing an equitable title of the complainant in certain lands in the county of Kalamazoo, the legal title to which was in his father, Adrian Van Wert, at the time of his decease. The defendants constitute, with complainant, all the persons interested in the estate of Adrian Van Wert, being his widow, heirs at law and administrators.

The land in question was purchased from the state, and the original certificate was taken in the name of complainant, but was assigned to the father, as complainant avers, for the purpose of giving to his parents assurance of his intention to fully keep and faithfully perform an agreement he had previously made with them for their comfortable support during their life-time, and to secure to them a home, and thereby gratify a childish desire of said Adrian to have the title to said land in his own name. The defendants object that the case made by the bill is one of a parol trust in lands, which is void by the statute.—*Comp. L. 1871, § 4692.* While complainant insists, on the other

hand, that the transaction, as set out in the bill, was equivalent to a mortgage with a parol defeasance, which would be valid under previous decisions in this state.—*Wadsworth v. Loranger, Har. Ch., 114; Emerson v. Atwater, 7 Mich., 12.*

The allegations of the bill are not so explicit as they might have been, but we are of opinion that they make out a sufficient case. We cannot say the same of the evidence. To establish an equitable right in lands in opposition to the muniments of title, the parol evidence of the understanding of the parties ought to be very clear and distinct, and should leave us in no doubt regarding the precise terms of the agreement. Such is not the case here. Much of complainant's evidence is inadmissible, because it related to matters which, if true, must have been equally within the knowledge of his father in his life-time.—*Comp. L. 1871, § 5968; Kimball v. Kimball, 16 Mich., 211.* The other evidence upon which he must mainly rely, was that of his mother and his brother David. His mother's testimony was exceedingly vague and unsatisfactory, and David's action relative to a division of the estate was too inconsistent with his testimony, to enable us to feel a reasonable degree of security in relying upon it. We feel compelled, therefore, to deny the relief prayed, though we cannot resist the conviction that there are strong probabilities favoring the equities complainant asserts.

The statute makes the costs in chancery cases subject to the discretion of the court, except in a few specified cases. —*Comp. L. 1871, § 7386;* see also § *7405.* We think this a case in which it would be proper that they should be paid by the estate; as much so as it would have been if a doubtful claim, made in good faith in the probate court and within its jurisdiction, had been determined there in the course of the proceedings for the settlement of the estate. This case was not within the jurisdiction of the probate court, and it became necessary to resort to equity for its solution; but we have not been convinced of any want of

good faith in bringing it, and the taxable costs attending it may very properly be regarded as a part of the necessary expenses in the administration of the estate, under the peculiar circumstances. The decree below will consequently be so far modified as to make the taxable costs of all parties a charge against the estate, and in all other respects affirmed.

CAMPBELL, J., and GRAVES, CH. J., concurred.

CHRISTIANCY, J., did not sit in this case.