JAMES BURNS v. SAMUEL M. BERRY, ALMER THORP ET AL.

*Comp. L.*, § *4231—Heirs take title subject to debts—Effect on mortgage lien of priority of record—Creditor's right to administration of debtor's estate.*

Heirs can take no better title to real estate than their ancestor had at the time of his decease, and receive it subject to any incumbrances under which it may then lie.

Where a mortgage is left unrecorded and the mortgager's heirs give a second mortgage which is put on record, an assignee of the second mortgage, who takes it in good faith for a full consideration actually paid, and without any notice, actual or constructive, that any claim exists against the premises, and whose assignment has also been recorded, is protected and given precedence by Comp. L., § 4231 which provides that every unrecorded conveyance shall be void as against any subsequent purchaser in good faith whose conveyance is recorded first.

Where successive conveyances of the same property have been made and only the later one has been recorded, the transfer of title thereunder is not by force of the conveyance, but only of the statute (Comp. L., § 4231), which provides that an unrecorded conveyance shall be void as against a later one, that is recorded, to a *bona fide* purchaser.

Real estate descends to heirs subject to the payment of decedent's debts; and conveyances made by the heirs before administration, or before claims against the estate are paid or barred, are also subject to his debts.

A decedent's creditor may obtain administration of the estate and have the realty sold, if necessary, to satisfy the debt, even though he had lost his own mortgage lien thereon by neglecting to record it until a subsequent conveyance to a *bona fide* purchaser had been placed on record.

Appeal from Cass. Submitted Oct. 22. Decided Nov. 29.

FORECLOSURE. The bill was dismissed as to defendant Berry, and a decree granted as against the remaining defendants. Complainant appeals.

*Howell & Carr* for complainant. Unrecorded deeds are nevertheless good as against the grantor and his heirs, *Ralls v. Graham,* 4 T. B. Mon., 120; and only *bona fide* purchasers can take advantage of the failure to record them, *Hancock v. Beverly,* 6 B. Mon., 532; a deed not recorded until after the grantor's death is valid as against a purchaser from his heirs at law, although the purchaser does not know of its existence, *Hill v. Meeker,* 24 Conn., 211; *Rodgers v. Burchard,* 34 Tex., 441: 7 Amer., 283; *Whittington v. Wright,* 9 Ga., 23; *Marshall v. Roberts,* 18 Minn., 405: 10 Amer., 201; but see *M'Culloch v. Eudaly,* 3 Yerg., 346; the registry of a deed is notice only to those who claim through or under the grantor who executed the deed, and a purchaser is not bound to take notice of the record of a deed executed by a prior grantee whose own deed had not been recorded, *Ely v. Wilcox,* 20 Wis., 530; *Corbin v. Sullivan,* 47 Ind., 356; the recording acts are for the protection of persons claiming under the same title, and have no operation on a hostile claim, *Embury v. Conner,* 2 Sandf., 98; *Webster v. Van Steenbergh,* 46 Barb., 211; the act avoiding an unrecorded deed as against a subsequent purchaser in good faith applies only to successive purchasers from the same grantor, *Raynor v. Wilson,* 6 Hill, 469; a deed that purports only to pass the grantor's right, title and interest will not exclude the operation of a prior unrecorded mortgage, *Bragg v. Paulk,* 42 Me., 517; *McLaughlin v. Ihmsen,* 85 Penn. St., 364; the assignee of a mortgage generally takes it subject to all equities against it, *Dutton v. Ives,* 5 Mich., 515; *Bloomer v. Henderson,* 8 Mich., 395; *Warner v. Whittaker,* 6 Mich., 133; he can go no farther than the mortgagee in enforcing it, *Crane v. Turner,* 67 N. Y., 439; *Davis v. Bechstein,* 69 N. Y., 442.

*Breese & Stearns* for defendant Berry. An assignee

of a mortgage without notice is a *bona fide* purchaser within the meaning of the act protecting *bona fide* purchasers where previous deeds of the same property have not been recorded, 1 Jones Mortgages, §§ 475, 558, 560; and a conveyance from the grantor's heirs is as fully protected as if it had been made by the grantor.  See *Powers v. M'Ferran*, 2 S. & R., 44; *Kennedy v. Northup*, 15 Ill., 148; *cited*, id., 540; *Earle v. Fiske*, 103 Mass., 491; *Youngblood v. Vastine*, 46 Mo., 239; *Vaughan v. Greer*, 38 Tex., 530.

MARSTON, J.  On the 9th day of November, 1872, Edmund Thorp, being the owner in fee of certain premises, executed and delivered to James Burns a mortgage thereon to secure the payment of a promissory note of even date therewith, given by him to said Burns.  This mortgage was not recorded until the 29th day of December, 1876.  On the 28th day of May, 1874, Edmund Thorp died intestate, leaving as his heirs at law three sons, Aaron, Almer and Elbridge.  No letters of administration were taken out, and the estate of said deceased has never been administered upon.  On the 1st day of March, 1875, Aaron and Elbridge conveyed by quit-claim deed all of said mortgaged premises to their brother Almer, and on the same day Almer mortgaged the same premises to Aaron to secure the payment of $3643.56, this being Aaron's share as one of the heirs.  This deed and the mortgage were duly recorded the same month, and on the 3d day of May, 1875, Aaron assigned this mortgage to Samuel Berry, the said assignment having been recorded the same day.

Burns filed his bill to foreclose the mortgage given him, setting forth all the above facts and charging that each of said heirs, and that Berry at the time of taking said assignment, had full notice of his note and mortgage and of the non-payment thereof.

Berry claims to have purchased in good faith without notice, and to have paid full consideration for the mort-

gage assigned to him, and the proofs fully sustain him.

It also appears that Edmund Thorp at the time of his decease left personal property sufficient to pay all his debts including this Burns mortgage, but which has since been disposed of, and that he also left unencumbered real estate other than that in question, of sufficient value to pay all his debts.

What then are the respective rights of Burns and Berry upon the facts stated?

The heirs could take no other or better title to the real estate than their father had at the time of his decease. They therefore took it subject to the Burns mortgage, whether they had notice thereof or not, and the conveyances made to each other would in like manner be chargeable with the payment of the Burns mortgage.

Berry having taken an assignment of the second mortgage, which was first recorded, in good faith for a full consideration actually paid, and without any notice either actual or constructive, that Burns had any claim against these premises, is protected we think under the registry laws.

Our statute provides that "Every conveyance of real estate within this State, hereafter made, which shall not be recorded as provided in this chapter, shall be void as against any subsequent purchaser in good faith, and for a valuable consideration, of the same real estate or any portion thereof, whose conveyance shall be first duly recorded." 2 Comp. L., § 4231. This section applies to mortgages and assignments thereof. Id., §§ 4236, 4237.

The protection which this statute gives to a *bona fide* purchaser does not proceed upon the theory, and is not made to depend upon the fact, that the grantor at the time of such conveyance had any interest in the premises whatever, or that any passed from him by his conveyance to such subsequent purchaser. It is not by force of the conveyance, but by the terms of the statute, that such subsequent purchaser acquires title to the premises.

His grantor having previously conveyed, has no title left to convey, and could therefore by his deed, unaided by the statute, pass none to any third person. Our registry laws however step in, and for the purpose of protecting an innocent purchaser, give him what he supposed, and from an examination of the records had a right to suppose, he was acquiring by his purchase, and to this extent cut off the previous purchaser who negligently failed to record his conveyance. I am of opinion, therefore, that in this proceeding defendant Berry is protected and that the mortgage of Burns must be treated, as against defendant Berry, as a second or subsequent mortgage.

There is however still another view to be taken of this case, and which it might be well to notice, so that if possible the rights of each may be fully protected.

The note given to Burns by Edmund Thorp became on his decease a personal debt against his estate. For aught that appears in this case, had the estate been administered upon, this note might have been proven, allowed, and paid out of the personal assets, and for want of sufficient thereof, the real estate, including the premises in question, might under the order of the probate court have been sold for the payment thereof. Burns, as a creditor, might have applied for letters of administration and in this way collected his debt.

The real estate of the deceased descends to his heirs subject to the payment of his debts, and conveyances made by them before the estate is administered upon and the claims paid or barred by the statute of limitations are in like manner subject to the debts of the deceased; and as against the debts proved against the estate our registry laws afford no protection. Subsequent purchasers take subject to the right of the administrator to have the same sold for the payment of the debts and the expenses of administration.

So that while our registry laws, under the facts in

this case, cut off the mortgage lien of the complainant as against Berry's mortgage, they did not cut off complainant's right to have the estate of the deceased properly administered upon and the real estate of the deceased sold for the payment of this debt if necessary; and in this way complainant's claim would take precedence over the Berry mortgage.

The complainant may, in this case, take a decree for a foreclosure and sale of the mortgaged premises, subject to defendant Berry's mortgage, and the decree of the court below will be modified accordingly, with costs to defendant Berry.

The other Justices concurred.