## SARAH J. ATWOOD v. WILLIAM FROST.

*Contribution by devisees to pay debts due from testator's estate, if enforced in Probate Court, must be by execution—Consent of executor to possession of devisees, not essential to such enforcement.*

1. Where the devisees of a deceased person have taken possession of the .devised estate, before their liability to contribute towards the debts due from the estate is determined, under sections 5816 to 5820, How. Stat., such contributions, if enforced in probate court, must be by execution; and a sale of real estate, under license from the probate court, to pay said debts, as also such license, is void.

2. The consent of the executor, to such possession, is not required by the statute cited and is not essential to action by the probate court thereunder.

Error to Kalamazoo. (Mills, J.) Argued January 14, 1886. Decided January 27, 1886.

Ejectment. Defendant brings error. Affirmed. The facts are stated in the opinion and in the same case as reported in 51 Mich. 360.

*H. F. Severens,* for appellant:

The law of this State makes all the estate of a deceased person, a fund, liable to be sold for the payment of his debts

and the expenses of administration, and prescribes the methods
by which the executor may sell and convert the property, as
assets for that purpose. It has further provided that the
executor may relinquish to the heir or devisee, pending the
settlement of the estate, such parts of the property as he may
deem prudent, under the circumstances of the estate, and
such relinquishment is equivalent to a preliminary partition
or distribution of the estate, *pro tanto*, and is in anticipation
of the partition or distribution which would otherwise take
place on the final settlement of the estate : *Campau v. Cam-
pau*, 19 Mich. 116 ; *Dickison v. Reynolds*, 48 Mich. 158.

The statute contemplates, by this relinquishment, some
definite act and purpose on the part of the executor, and the
mere continuance in possession of real estate of the testator,
by the heir or devisee, which may have been taken before
the appointment of the executor, or afterwards by his mere
sufferance, or prior to the statute giving the executor the right
of possession, would not be the *relinquishment* meant by the
statute.

If this statutory relinquishment were such as would be
implied from mere possession by the heir or devisee, the
effect would be to convert, in the great proportion of estates,
the whole mode of proceedings from the ordinary probate
sale into an execution sale, and the consequence would be far
reaching, and disastrous to multitudes of titles resting on pro-
bate sales in this State. I do not suppose that in its former
decision, in this case (51 Mich. 360), this Court intended to
assert a contrary doctrine from that stated. The record, as
then made up, raised the necessary implication of fact that
the executor *had relinquished* the land devised to the devisee,
and so construing it, the court held that the only way to reach
it, was by assessing it for contribution and sale on execution.
In the present record, this *decisive* fact is expressly found the
other way. There has never been any such turning over or
relinquishment and no possession different from that which
ordinarily takes place.

The claim that the sale took place on the assessment order
of August 2, 1880, hence should have been made on execu-
tion, has no foundation in fact. The sale professed to be in
virtue of the license granted December 15, 1879, and all the
proceedings were in accord with the provisions of law gov-
erning sales under licenses. True, the assessment proceed-
ings, such as they were, took place, but if the facts were as
upon this record they appear to have been, it is more than
doubtful whether those proceedings had any validity what-

ever. The facts did not exist which made such a proceeding proper or lawful, and an inspection of the petition will show that it entirely failed to set forth such facts as would lay the foundation of any power in the court to make such an order. But, independently of all this, what the court in fact ordered, was, that if the assessments were not paid, the executor should proceed to sell under the license of December, 1879, which was no more and no less than was his power and duty without such order. What the executor did, finds ample support in the license, and this being so, what principle of law requires that what is otherwise sound and valid, should be held bad by that which is void and yet not an essential link in the chain. The useful should not fail because of the presence of that which was useless: *Odgen v. Barker*, 18 Johns. 87; a somewhat similar principle was acted upon in *Johnstone v. Scott*, 11 Mich. 232; *Regents of the University v. Detroit Young Men's Society*, 12 Mich. 138; there is no ground on which the plaintiff can stand and insist on interposing these assessment proceedings, as making void what was otherwise valid. Estoppels must be mutual and she claims nothing through them, but rejects them. A case, presenting a similar question, is found in *Estate of Montgomery*, 60 Cal. 645, which was decided in accordance with the principles stated.

*Dallas Boudeman*, for plaintiff:

This controversy has been settled by this Court in favor of plaintiff: *Atwood v. Frost*, 51 Mich. 360; when proceedings for contribution are instituted under the statute, they must continue and be carried out according to the statute, and contribution must be enforced by execution: How. Stat. §§ 5816 to 5820. It is not essential to proceedings under the statute that the devisees have taken possession of the devised estate, with the consent of the executor. The language of the statute, is "if by his consent *or otherwise*," and if possession is given by consent, or by the neglect of the executor to take possession himself, contribution proceedings may be had, and when had, a sale can only be made by the executor as the statute has provided: *Proctor v. Robinson*, 35 Mich. 284; *Eberstein v. Camp*, 37 Mich. 176.

CAMPBELL, C. J. This case having been once before decided, on the validity of defendant's title under a probate sale, as reported in 51 Mich. 360, we declined to hear that question re-argued, unless upon some ground which could

legally distinguish the present record from that.    We find
no such distinction.

It appeared there, as here, that defendant claims under a
sale by an executor.    Having been licensed in December,
1879, to sell lands which are claimed to cover the estate in
question, the executor sold such lands of the decedent as had
not been specifically devised, in March and May, 1880.    He
subsequently, on June 30, 1880, applied to the probate court
to have the specific devisees and legatees ordered to con-
tribute their shares of the deficiency still remaining, and in
default, to have their property sold under the previous license.
On the second of August, 1880, the probate court appor-
tioned the amounts to be contributed by the devisees, and
having fixed the value of Sarah Jane Diboll's devise, in the
land in question, at $1,200, ordered her to contribute $378,
and so with the others, and decreed that unless paid in twenty
days, the executor should sell their lands under the license
issued in December, 1879.    On the thirteenth of September,
1880, the executor gave notices of sale, referring expressly
to the order of August 2, 1880, as well as to the license of
December, 1879.    On that sale the property was sold to
defendant, and subsequently confirmed, the report of con-
firmation referring to the notices under which the sale was
made.

We held in our previous decision that the probate sale,
being founded on the proceedings of August 2, 1880, was
void, as the statute requires the balances contributable from
devisees and legatees to be collected by execution.

It is now insisted that the present record, negatives a
remark made in the former opinion, " that the action of the
executor and of the probate court assumed that the land in
dispute had been delivered into the possession of Mrs. Diboll
with the executor's consent.    That being so, the proceedings
to compel her to contribute must have been taken under this
statute."    In the present finding it is stated, in substance, that
neither Mrs. Diboll, nor her grantee, had possession under
any express assent or agreement of the executor, and there-
fore, it is insisted, that the order of August, 1880, was void,

and the sale may be regarded as made solely under the license. Neither of these suggestions has any weight.

The probate order was the ostensible basis of the sale, and the action of the probate court was had upon the assumption, to be drawn from the action of the executor himself in presenting such a petition, that the estate was in such a shape that he had a right to call on the specific devisees and legatees to contribute. There was no law requiring such action to be confined to cases where he had consented to the possession, and no law which made his consent, to such possession, necessary.

But this sale must, in any event, be justified under the order in pursuance of which it was made. Our former decision was based on the ground, that, while it may have been a valid proceeding in the outset to call for contribution, it was void so far as it authorized a sale of the lands under a license. If void for any other reason, as we do not intimate that it is, it can make no difference in favor of the sale, and cannot be thrown out of the case, when it is the real foundation of the defendant's title. The fact of the order being void was the basis of our decision before.

There were other questions which we did not pass upon before, and do not now, because this sale was utterly void. It is much to be hoped that this controversy will not be disturbed further. The judgment must be affirmed.

MORSE and CHAMPLIN, JJ., concurred.

SHERWOOD, J., did not sit.