FLOOD v. STRONG.

|108   561|
|141  ¹359|

1. ESTATES OF DECEDENTS—PURCHASE FROM HEIRS—LIABILITY
   FOR DEBTS OF ESTATE.
    Purchasers of land from the heirs of an estate, before adminis-
    tration has been had and closed, take the land subject to
    debts and expenses of administration.

2. SAME—PRESENTATION OF CLAIMS—LACHES.
    The mere failure of a creditor of a decedent's estate, upon
    which no administration has been had, to assert his claim for
    a period of five years after the death of the deceased, does not
    constitute such laches as will preclude him from enforcing
    the claim against land of the decedent in the possession of a
    purchaser from the sole heir, where the personal property of
    the decedent was in the possession of the surviving member
    of a firm to which he belonged, and the interest on the claim
    continued to be paid until a defalcation by the survivor, and
    the creditor had no knowledge that the property was being
    misused by the latter.

Appeal from Shiawassee; Wisner, J., presiding.  Sub-
mitted January 17, 1896.   Decided March 11, 1896.

Bill by John Flood against Walter D. O. Strong and
Newton Baldwin to enjoin an administrator's sale.
From a decree for complainant, defendants appeal.  Re-
versed.

One Isaac M. Strong and his son, Walter M. Strong,
were bankers in Bancroft, Mich., under the firm name of
I. M. Strong & Son.   While so in business, on Septem-
ber 1, 1883, they executed a note for $1,000 to defendant
Walter D. O. Strong, and on December 3d, same year,
another note for $505.   Interest was paid upon these
notes until the death of I. M. Strong, March 12, 1888.
Defendant Strong is and was a resident of the State of
New York.   He attended his brother's funeral at Ban-
croft, and has never been in the State since.   Walter

continued to carry on the banking business, and to pay the interest on this note, until 1893, when he failed and absconded. Isaac, at his death, was possessed of the lot and building thereon in Bancroft, the subject of this suit, unincumbered, and some land in Charlotte which was heavily mortgaged. After Walter's failure, defendant Strong caused letters of administration to be taken out upon the estate of Isaac, deceased, and defendant Baldwin was appointed administrator. These two notes were allowed against the estate. The administrator found no personal property except a safe, and no real estate except the two pieces above mentioned. The administrator filed his petition in the probate court for a sale of this land to pay the debts and expenses of administration, which petition was granted. Complainant thereupon filed this bill of complaint to enjoin the sale, upon the ground that defendant Strong was guilty of such laches, by the delay in asserting his claim against the estate of Isaac, as to render it inequitable as against complainant's rights. Isaac died intestate, leaving his widow and Walter his sole heirs at law. September 9, 1889, the widow deeded to Walter her interest in the store and lot in controversy, and he deeded to her his interest in the Charlotte property. In April, 1890, Walter and his wife conveyed the Bancroft property to the complainant for a consideration of $1,000. Complainant took possession, and spent some money in improvements and repairs. The court entered a decree for complainant.

*James M. Goodell* and *M. V. B. Wixom*, for complainant.

*S. S. Miner* and *Lyon & Hadsall*, for defendants.

GRANT, J. (*after stating the facts*). We think the conclusion of the learned circuit judge that defendant Strong was guilty of laches cannot be sustained. Walter, as surviving partner, was entitled to the possession of the partnership assets, and to continue the business for the

purpose of winding it up. Whether there were personal assets at any time to pay the defendant's notes does not appear. There is nothing to show what the personal assets were, or what was their value, or that Walter misappropriated any of such assets. Defendant Strong was under no legal obligation to take steps to secure an administration, nor did he lose any of his rights by his failure to do so. Purchasers of land from heirs of an estate, before administration has been had and closed, take it subject to debts and expenses of administration. *Armstrong* v. *Loomis*, 97 Mich. 577, and authorities there cited  Complainant was chargeable with notice that no administration had been had. He took no steps to protect himself by bond or otherwise. Neither defendant Strong nor Walter said anything or made any representations by which he was misled. Briefly stated, the situation, then, is this: Complainant purchased, knowing that the land was subject to the payment of debts, if any existed, and knowing that there had been no administration, without making any inquiries, and without taking any measures to protect himself. Defendant Strong knew that Walter, as surviving partner, was entitled to the possession of the partnership funds. His interest was paid up to 1893. The property of the partnership was in lawful hands. He had no knowledge that it was being misused. He owed no duty to any supposed purchaser of the real estate of the deceased. He was, therefore, guilty of no [wrong in resting so long as his interest was paid, the very purpose he had in investing his money. He had neither done nor said anything to mislead complainant. Complainant purchased at his risk, and must suffer the consequences.

The decree must be reversed, with costs of both courts, and bill dismissed.

The other Justices concurred.