*In re* McDIVITT ESTATE

Docket No. 102091. Submitted March 15, 1988, at Lansing. Decided June 20, 1988.

Liliane E. McDivitt died intestate, leaving a sister and a nephew, Calvin F. McDivitt, as her only heirs at law. Calvin F. McDivitt was appointed personal representative of the decedent's estate by the Ingham County Probate Court. Included in the assets of the estate was a circuit court claim for personal injury and wrongful death against Ingham Emergency Physicians, P.C., and a hospital. Calvin F. McDivitt filed a partial accounting, requested a partial distribution of assets, advised the probate court of the pending litigation in circuit court and asked that $1,000 be retained in the estate to cover the costs of that litigation. The probate court ordered a partial distribution of assets, the payment of inheritance taxes and attorney fees, leaving $1,000 in the estate. A mediation panel subsequently evaluated the claim against Ingham Emergency Physicians, P.C., and determined there was no cause of action. This evaluation was rejected by the estate and the case proceeded to trial, where the jury returned a verdict of no cause of action. The circuit court granted a motion by Ingham Emergency Physicians, P.C., for costs and mediation sanctions in the amount of $10,455. Ingham Emergency Physicians, P.C., filed a petition in probate court seeking the recoupment of prior disbursements of the estate's assets and the payment of the mediation sanctions as expenses of administration under the Revised Probate Code. The probate court, R. George Economy, J., denied the petition. Petitioner appealed.

The Court of Appeals *held:*

1. Mediation sanctions imposed on an estate in a wrongful death action initiated by the estate are an expense of administration entitled to priority at distribution of estate assets under § 192 of the probate code.

2. Petitioner is entitled to the $1,000 left in the estate.

REFERENCES

Am Jur 2d, Executors and Administrators §§ 463 *et seq.,* 506 *et seq.* Right to partial distribution of estate or distribution of particular assets, prior to final closing. 18 ALR3d 1173.

However, recoupment of monies already disbursed to the heirs is not appropriate in this case since the partial distribution was made in good faith, with full disclosure and pursuant to a probate court order which was not set aside and from which no appeal has been taken.

Affirmed.

1. DESCENT AND DISTRIBUTION — COSTS — MEDIATION SANCTIONS.

Mediation sanctions imposed on an estate in a wrongful death action initiated by the estate are an expense of administration entitled to priority at the time of distribution of estate assets under the Revised Probate Code (MCL 700.192; MSA 27.5192; MCR 2.403[O]).

2. EXECUTORS AND ADMINISTRATORS — PARTIAL DISTRIBUTION OF ESTATE ASSETS — FINALITY.

A probate court order for the partial distribution of the assets of a decedent's estate which has not been appealed is conclusive as to the funds distributed.

3. EXECUTORS AND ADMINISTRATORS — ACCOUNTING.

An accounting approved by the probate court protects the personal representative from later claims that assets are missing or that disbursement was improper (MCL 700.564; MSA 27.5564).

*Fraser, Trebilcock, Davis & Foster, P.C.* (by *Randy J. Hackney* and *Kenneth J. Barton, Jr.*), for petitioner.

*Sinas, Dramis, Brake, Boughton, McIntyre & Reisig, P.C.* (by *Susan Przekop-Shaw*), for respondent.

Before: GRIBBS, P.J., and BEASLEY and G. A. DRAIN,*JJ.

GRIBBS, P.J. Petitioner Ingham Emergency Physicians, P.C., appeals as of right from a probate court order denying petitioner's request for recoupment of prior disbursements and payment of ad-

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

ministrative expenses. We affirm, although we disagree with some of the probate court's reasoning.

Liliane E. McDivitt died intestate on September 14, 1980. Her heirs were a sister, Leila E. Towner, and a nephew, Calvin F. McDivitt. The estate included a house and personal property valued at $18,781.65 and a personal injury and wrongful death claim against petitioner Ingham Emergency Physicians, P.C., and St. Lawrence Hospital. Calvin F. McDivitt was appointed personal representative of the estate.

On February 9, 1981, the personal representative filed a partial accounting of the estate and requested partial distribution of the estate assets. The personal representative advised the court of the pending litigation and asked that $1,000 be retained in the estate to cover the costs of litigation.

On February 18, 1981, the probate court ordered a partial distribution of the estate. The personal representative and Leila Towner, as the only heirs, each received $6,818.26. The order also authorized payment of Michigan inheritance taxes and attorney fees. Approximately $1,000 was left in the estate to cover the costs of litigation.

On December 20, 1984, the mediation panel evaluated the estate's claim against St. Lawrence Hospital at $55,000 and found that the estate had no cause of action against petitioner. The estate accepted the mediation evaluation against the hospital and the hospital rejected the evaluation. The estate rejected the no-cause evaluation as to petitioner and the case proceeded to trial, where a verdict of no cause of action against both petitioner and the hospital was ultimately entered. On October 4, 1985, the circuit court granted petition-

er's motion for costs and mediation sanctions in the amount of $10,455. MCR 2.403(O).

On November 26, 1986, petitioner filed a petition in probate court for recoupment of prior disbursements and sought payment of the mediation sanctions as administrative expenses. This petition requested that the probate court order the personal representative to recoup the partial disbursement of February 10, 1981, in order to pay the mediation sanctions ordered by the circuit court. The probate court denied the petition, ruling that the mediation judgment was not an expense of administration.

Petitioner argues on appeal that the probate court's ruling that mediation sanctions are not an expense of administration was incorrect. We agree. MCL 700.192; MSA 27.5192 provides the statutory classification and priority for charges against a decedent's estate:

> (1) The charges against an estate shall be paid in the following order of priority:
> (a) Expenses of administration.
> (b) Funeral and burial expenses for the deceased. Burial expenses include expenses of cremation.
> (c) Family allowances made for spouse and minor children pursuant to section 287.
> (d) Homestead provisions for spouse and minor children pursuant to section 285.
> (e) Allowances made for spouse and minor children pursuant to section 286.
> (f) Claims allowed against the estate.
> (2) After the payment of the charges in subsection (1), or when sufficient assets are reserved in the hands of the personal representative for each of the purposes stated in subsection (1), the court shall, by order for that purpose, assign the residue of the estate, if any, to persons as are by law entitled to the same subject to the right of the personal representative to withhold and pay from

that residue all inheritance and estate taxes payable therefrom.

Clearly, mediation sanctions would not qualify under subsections (b), (c), (d) or (e). Nor would mediation sanctions qualify under subsection (f), as a claim allowed against the estate, since claims are defined in MCL 700.3; MSA 27.5003 as "liabilities of the decedent . . . which arise at or before the death of the decedent, and funeral and burial expenses." Petitioner's claim for mediation sanctions did not arise before the death of the decedent, since petitioner was not entitled to mediation sanctions until after the circuit court issued its judgment.

The question presented here is whether mediation sanctions entered against an estate in a wrongful death action initiated by the estate are an expense of administration. The Revised Probate Code does not define "expenses of administration." This is a question of first impression in Michigan and there appears to be no case law precisely on point from other jurisdictions. There is, however, Michigan authority for the premise that the costs of litigating an estate's claim are generally considered expenses of administration, whether or not the litigation is successful. *Van Wert v Chidester,* 31 Mich 207 (1875).

The Florida Court of Appeals also reached this conclusion in *In re Grillo Estate,* 393 So 2d 578 (Fla App, 1981), and held that a judgment for costs entered against the estate in a wrongful death action initiated by the estate is an expense of administration and a priority claim. Florida's probate code, like Michigan's, is modeled on the Uniform Probate Code and gives administrative expenses priority in distribution of estate assets. The Florida Court held that a judgment for costs is "an

obligation created by the legal act of the personal representative in his effort to increase the assets of the estate. It is thus a cost or expense of administration." 393 So 2d 579. See also *In re Williams' Estate*, 143 Misc 527; 257 NYS 859 (1932); *In re Groom's Estate*, 193 Misc 999; 85 NYS2d 862 (1948).

In this case, the mediation sanctions assessed against the estate in the wrongful death action resulted from litigation that was undertaken to benefit the estate by increasing its assets. Therefore, we conclude that the mediation sanctions are expenses of administration entitled to priority under MCL 700.192(1)(a); MSA 27.5192(1)(a). Any other conclusion would frustrate the intent behind the mediation sanctions rule, MCR 2.403(O), by giving estates immunity from the consequences of prosecuting meritless claims.

Petitioner also contends that the heirs should be required to return the partial distribution and that the personal representative should be held liable for any amount not recovered. We do not agree.

As petitioner notes, the mediation sanctions were not before the probate court when the partial distribution was ordered, although the court was aware of the pending litigation. A court order for partial distribution is final only as to those matters before the court. *MacKenzie v Union Guardian Trust Co*, 262 Mich 563, 586; 247 NW 914 (1933). However, as a general rule, an order for partial distribution which has not been appealed is conclusive as to the funds distributed. 34 CJS, Executors and Administrators, § 532, pp 462-463. Moreover, an accounting approved by the probate court protects the personal representative from later claims that assets are missing or that a disbursement was improper. MCL 700.564; MSA

27.5564. An order allowing an annual account is considered a final order for purposes of appeal. *In re Butterfield Estate,* 100 Mich App 657; 300 NW2d 359 (1980).

Petitioner relies on MCL 700.117(2); MSA 27.5117(2), which provides:

> All of the heirs who, with the consent of the personal representative or otherwise, have possession of any part of the estate before all of the charges against the estate are paid or satisfied, shall hold the estate subject to those charges and shall be held to contribute according to their respective liabilities to the personal representative or to any heir from whom any part of the estate may have been taken for the payment or satisfaction of the charges. The personal representative is liable if any of those heirs fails to make contribution as provided in this subsection unless it is shown that the possession of property by the person was without the consent of the personal representative and that the personal representative was unable by diligent effort to prevent the possession.

Petitioner argues that the phrase, "with the consent of the personal representative or otherwise," encompasses court-ordered distributions. According to petitioner's reasoning, a personal representative is always ultimately responsible for unsatisfied charges against the estate. We do not agree. All of the case law on the issue of contribution by heirs appears to involve situations where distribution was made without authority from the court. See *Flood v Strong,* 108 Mich 561; 66 NW 473 (1896); *Atwood v Frost,* 59 Mich 409; 26 NW 655 (1886); *Burns v Berry,* 42 Mich 176; 3 NW 924 (1879). Indeed, under petitioner's proposed interpretation of the statute, court approval of a personal representative's actions would be a waste of judicial

time and would afford no protection to the fiduciary.

In this case, it is significant that the personal representative told the probate court everything he knew about the pending litigation. It is apparent that neither the probate court judge nor the counsel involved in these proceedings considered the possibility that mediation sanctions would be ordered. Indeed, under the court rule then applicable, GCR 1963, 316.1, mediation was not required in this case as it was within the circuit court's discretion to determine whether or not mediation would be held. Moreover, the mediation in this case was not ordered until nearly four years after the partial disbursement. It would be unreasonable for us to expect that the personal representative should have foreseen charges that were obviously not foreseeable at the time. Here, where the good faith of the personal representative is not at issue, we conclude that the personal representative protected himself from an error in judgment by choosing to act under the supervision of the court. MCL 700.10(5); MSA 27.5010(5).

It is also significant that petitioner never filed any objection or request for reconsideration of the partial disbursement in the probate court. Neither has petitioner at any time, from 1981 to the present, filed any objection to the personal representative's annual accountings or handling of the estate. We believe that both parties must share the burden of anticipating the ultimate costs to be assessed against the estate.

We conclude that the mediation sanctions are properly chargeable as expenses of administration. Petitioner is therefore entitled to the fund of approximately $1,000 retained in the estate to cover the costs of litigation. We also conclude that recoupment from the heirs of monies already dis-

bursed is not appropriate in this case because the partial distribution was made in good faith, with full disclosure and pursuant to a court order which was not set aside and from which no appeal was taken.

Affirmed.