*In re* FLYNN ESTATE

Docket No. 112799. Submitted October 18, 1989, at Lansing. Decided December 19, 1989.

Mae E. Flynn died intestate on July 19, 1981. On July 20, 1983, Gerri L. Ernst, by her attorney, Edward M. Waud, filed a petition in the Emmet County Probate Court for commencement of supervised intestate proceedings and for the appointment of Ernst as administratrix of decedent's estate. Following a hearing, the probate court entered an order dismissing the petition, finding no estate requiring probate. Ernst appealed and the Court of Appeals reversed, holding that there were certain assets subject to probate. *In re Flynn Estate,* unpublished opinion per curiam of the Court of Appeals, decided January 8, 1987 (Docket No. 90473). On remand, the probate court appointed a local attorney, Gregory G. Justis, personal representative of decedent's estate. Thereafter, Ernst's attorney, Waud, filed a statement and proof of claim against the estate in the amount of $3,959.16. The probate court, John W. Unger, J., awarded Waud fees and expenses as set forth in his claim as an expense of administration of the estate. The court chose not to treat the request for fees as a claim against the estate. Mary Evans, Ann Butka, Lucille Blaho and Joe Flynn appealed from the order awarding attorney fees and expenses.

The Court of Appeals *held:*

1. The Court of Appeals has jurisdiction to entertain an appeal as of right from an order allowing an account, fees, or administration expenses.

2. The probate court correctly determined that the expenses incurred by Ernst were expenses of administration. The probate court properly granted the award of attorney fees and expenses.

3. Ernst's request for an award of actual damages and expenses pursuant to MCR 7.216(C) was denied by the Court of Appeals since the Court determined that the appellants' prosecution of this appeal was not vexatious.

Affirmed.

REFERENCES
Am Jur 2d, Executors and Administrators §§ 988-990, 1000.

1. APPEAL — MOTIONS AND ORDERS — PROBATE COURTS.

> An order of a probate court allowing an account, fees or adminis-
> tration expenses is appealable as of right to the Court of
> Appeals (MCR 5.801[B][3][u]).

2. EXECUTORS AND ADMINISTRATORS — PROBATE COURTS — EXPENSES
   OF ADMINISTRATION.

> Attorney fees and expenses incurred by a party in her quest to
> have a decedent's estate probated and to preserve and increase
> the estate's assets, without which there would have been no
> appointment of a personal representative, no commencement of
> probate proceedings, and no estate to administer, may be
> determined to be expenses of administration of the estate
> allowable by the probate court.

*Edward M. Waud,* for Gerri L. Ernst.

*Marco, Litzenburger, Smith, Brown & Erhart,
P.C.* (by *Seberon Litzenburger*), for Mary Evans,
Ann Butka, Lucille Blaho, and Joe Flynn.

Before: DANHOF, C.J., and MACKENZIE and R. E.
ROBINSON,* JJ.

PER CURIAM. Appellants appeal as of right from
an October 14, 1988, order of the Emmet County
Probate Court awarding attorney fees and expen-
ses in the amount of $3,959.16 to appellee's coun-
sel. Appellants assert that the court lacked author-
ity to enter the award because the fees were not
incurred as a cost of administration. We disagree
and affirm.

The decedent, Mae E. Flynn, died intestate on
July 19, 1981. At the time of decedent's death, the
bulk of her estate consisted of several parcels of
real property and several savings or checking
accounts, each held jointly, in the name of dece-
dent and one of her children.

On November 29, 1982, decedent's sons, Gerard

---

* Former circuit judge, sitting on the Court of Appeals by assign-
ment.

L. Flynn and Michael R. Flynn, by their attorney, Edward M. Waud, filed a petition for commencement of supervised intestate proceedings. The petition was withdrawn on May 23, 1983.

Thereafter, on July 20, 1983, appellee, by her attorney, Edward M. Waud, filed a petition for commencement of supervised intestate proceedings and for the appointment of appellee as administratrix of decedent's estate.

The probate court held a hearing on appellee's petition and on January 21, 1986, entered an order dismissing the petition, finding no estate requiring probate. On appeal, this Court reversed, holding that an automobile owned by decedent at the time of her death and later sold for $3,000 and a check for $5,345.29 paid to the estate after decedent's death were not jointly held assets and were subject to probate. *In re Flynn Estate,* unpublished opinion per curiam of the Court of Appeals, decided January 8, 1987 (Docket No. 90473).

On remand, the probate court appointed Gregory G. Justis, a local attorney, personal representative of decedent's estate. Thereafter, on September 12, 1988, appellee's attorney filed a statement and proof of claim against the estate in the amount of $3,959.16. At a hearing held on September 21, 1988, the probate court awarded attorney Waud fees and expenses as set forth in his claim "as an expense of administration" of the estate. The court chose not to treat Waud's request for fees as a claim against the estate. An order to that effect was signed on October 13, 1988.

Initially, we note that appellee argues that this Court has no jurisdiction to entertain the instant appeal. Appellee asserts that because no final judgment was entered in the instant matter, appellants should have sought leave to appeal instead of filing a claim of appeal. We disagree. MCR

5.801(B)(3)(u) provides that an order allowing an account, fees, or administration expenses is appealable as of right.

Turning to the merits of the issue before us, we are asked to determine whether the court possessed the authority to order an award of attorney fees and expenses to attorney Waud. Generally, attorney fees may be awarded only when authorized by statute, court rule or case law. *McKim v Green Oak Twp Bd,* 158 Mich App 200, 207; 404 NW2d 658 (1987). While the Revised Probate Code authorizes the payment of "[e]xpenses of administration," MCL 700.192; MSA 27.5192, the code does not define same. *In re McDivitt Estate,* 169 Mich App 435, 439; 425 NW2d 575 (1988). In *In re McDivitt Estate,* a panel of this Court held that mediation sanctions assessed against an estate in a wrongful death action resulting from litigation that was undertaken to benefit the estate by increasing its assets constituted an expense of administration. *Id.* at 440.

In the instant case, appellants argue that the court erroneously concluded that the attorney fees and expenses incurred by appellee constituted expenses of administration because the expenses were incurred before the opening of the estate. Whether such expenses constituted expenses of administration is an issue of first impression in Michigan.

The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature. *Hiltz v Phil's Quality Market,* 417 Mich 335, 343; 337 NW2d 237 (1983). The specific words of a given statute are the best source for ascertaining the Legislature's intent, *Great Lakes Steel Division of National Steel Corp v Public Service Comm,* 143 Mich App 761, 764; 373 NW2d 212 (1985), lv den 424 Mich 854 (1985), and are to

be assigned their ordinary meaning. *Erickson v Dep't of Social Services,* 108 Mich App 473, 479; 310 NW2d 428 (1981), lv den 414 Mich 893 (1982). Dictionary definitions are appropriate guidelines in achieving this result. *Great Lakes Steel, supra.*

Black's Law Dictionary (5th ed), p 41, defines "administration expenses" as "disbursements incidental to the management of the estate." Ballentine's Law Dictionary (3d ed), p 33, defines "administration expenses" as, inter alia, "attorney's fees incurred in litigation necessary in the preservation of the estate."

In *In re Quinn's Estate,* 179 Mich 61, 65; 146 NW 297 (1914), our Supreme Court concluded that fees of an attorney incurred for "necessary services . . . involved in the settlement of an estate" are "necessary expenses of administration" allowable by the probate court.

The expenses at issue were incurred by appellee in her quest to have decedent's estate probated and to preserve and increase the estate's assets. Had it not been for appellee's actions, and hence the incurring of the expenses at issue, there would have been no appointment of a personal representative, no commencement of probate proceedings, and no estate to administer. In light of these facts, we find that the court correctly concluded that the expenses incurred by appellee were expenses of administration, and, therefore, that the court properly granted the award of attorney fees and expenses.

Finally, appellee seeks an award of actual damages and expenses from this Court pursuant to MCR 7.216(C). Given that the issue raised on appeal is one of first impression, we do not believe that appellants' prosecution of the instant appeal was vexatious. Accordingly, we decline to honor appellee's request.

Affirmed.