561 N.W.2d 402 (1997)
221 Mich. App. 1
Patricia R. MASON, as Personal Representative of the Estate of Patrick E. Mason, Deceased, Plaintiff-Appellant, Cross-Appellee,
v.
CASS COUNTY BOARD OF COUNTY ROAD COMMISSIONERS, Defendant-Appellee, Cross-Appellant, and
Ricky Armstrong, Defendant-Appellee.
Docket No. 181664.
Court of Appeals of Michigan.
Submitted September 3, 1996, at Grand Rapids.
Decided January 3, 1997, at 9:00 a.m.
Released for Publication April 4, 1997.
*403 Chambers Steiner, P.C. by Angela J. Nicita and Martin R. Sturm, Detroit, for plaintiff-appellant, cross-appellee.
Smith, Haughey, Rice & Roegge by Lance R. Mather, Grand Rapids, for Cass County Board of County Road Commissioners.
Bremer, Wade, Nelson, Lohr & Corey by Phillip J. Nelson, Grand Rapids, for Ricky Armstrong.
Before DOCTOROFF, C.J., and HOOD and BANDSTRA, JJ.
BANDSTRA, Judge.
Plaintiff contests the imposition of mediation sanctions and the offsetting of those sanctions against a jury verdict awarded in her favor.[1] We affirm the trial court's orders imposing mediation sanctions and denying the motions for summary disposition of defendant Cass County Board of County Road Commissioners, but remand so that the judgment may be amended to include postjudgment interest.
Plaintiff's decedent was killed in a traffic accident that occurred in Cass County. Plaintiff brought this action, claiming that the accident resulted from the failure of defendant board to replace a stop sign that had been knocked over by defendant Ricky Armstrong on the day before the accident.
The jury awarded plaintiff $100,000 for loss of society and companionship and $250,000 for loss of economic support. These awards were reduced by half on the basis of the jury's finding that plaintiff's decedent was comparatively negligent by fifty percent. Because plaintiff had previously rejected mediation evaluations that were higher than the jury award, mediation sanctions of $79,215.82 were deducted from the award against defendant board. Similarly, plaintiff was ordered to pay defendant Armstrong $28,842 from the remaining judgment owed by defendant board.
Presenting an issue of first impression, plaintiff argues that mediation sanctions should not have been imposed against a judgment secured in an action brought under Michigan's wrongful death act, M.C.L. § 600.2922; M.S.A. § 27A.2922, which states in pertinent part:
(6) In every action under this section the court or jury may award damages as the court or jury shall consider fair and equitable, under all the circumstances including reasonable medical, hospital, funeral, and burial expenses for which the estate is liable; reasonable compensation for the pain and suffering, while conscious, undergone by the deceased person during the period intervening between the time of the injury and death; and damages for the loss of financial support and the loss of the society and companionship of the deceased. The proceeds of a settlement or judgment *404 in an action for damages for wrongful death shall be distributed as follows:
* * * * * *
(d) After a hearing by the court, the court shall order payment from the proceeds of the reasonable medical, hospital, funeral, and burial expenses of the decedent for which the estate is liable. The proceeds shall not be applied to the payment of any other charges against the estate of the decedent. The court shall then enter an order distributing the proceeds to those persons designated in subsection (3) who suffered damages and to the estate of the deceased for compensation for conscious pain and suffering, if any, in the amount as the court or jury considers fair and equitable considering the relative damages sustained by each of the persons and the estate of the deceased. If there is a special verdict by a jury in the wrongful death action, damages shall be distributed as proved in the special verdict. [Emphasis supplied.].
Plaintiff relies upon the second sentence of § 6(d): "The proceeds shall not be applied to the payment of any other charges against the estate of the decedent." Plaintiff argues that this means that the trial court could not impose mediation sanctions, but was limited to ordering payment only for "the reasonable medical, hospital, funeral, and burial expenses" mentioned in the preceding sentence. We disagree.
Plaintiff's argument is premised on the notion that "the proceeds" of a wrongful death action encompasses the full judgment amounts for which defendants are liable, without any prior reduction for sanctions that result from plaintiff's rejection of mediation awards. Plaintiff would have us read the wrongful death act as requiring that defendants satisfy their judgments fully, without credit for mediation sanctions, leaving defendants to make claim for the mediation sanctions as "expenses of administration" of decedent's estate.[2]
We do not conclude that the wrongful death act requires this result. In its first sentence, § 6 provides: "In every action under this section the court or jury may award damages as the court or jury shall consider fair and equitable, under all the circumstances...." In its next sentence, § 6 provides for the distribution of "[t]he proceeds of a settlement or judgment." We conclude from the language and structure of this subsection that "[t]he proceeds" means an "award [of] damages as the court or jury shall consider fair and equitable, under all the circumstances." Further, "all the circumstances" surrounding an award of damages certainly includes the court rules and their provision for mediation as an important tool to promote settlements, using mediation sanctions to promote that end. Thus, when § 6(d) limits the purposes for which "the proceeds" are to be used, that limitation applies to the "award [of] damages" which, in an appropriate case, has already been reduced as a sanction for rejecting a mediation evaluation.
Moreover, we conclude that this is the most "fair and equitable" approach, as contemplated by the statute. If defendants are required to seek the recovery of mediation sanctions from decedent's estate, they may well be able to make only partial, if any, recovery. Under § 6(d), most of the judgment amount will likely be used to pay medical, hospital, funeral, and burial expenses, along with payments to decedent's survivors for their pain and suffering, loss of companionship and support, or other damages they may have suffered. The estate will receive payment only to the extent that damages were awarded because of decedent's "conscious *405 pain and suffering" before death. To the extent that defendants are unable to obtain full recovery of mediation sanctions from the estate,[3] the penalty for rejecting the mediation evaluations is avoided. We will not "frustrate the intent behind the mediation sanctions rule ... by giving estates immunity from the consequences of prosecuting meritless claims." In re McDivitt Estate, 169 Mich.App. 435, 440, 425 N.W.2d 575 (1988).
We affirm. This matter is remanded to the trial court, pursuant to the agreement of the parties, so that the judgment may be amended to provide for interest until the date it is satisfied. We do not retain jurisdiction.
NOTES
[1] On cross appeal, defendant Cass County Board of County Road Commissioners argues that the trial court erred in denying its motions for summary disposition on the basis of Pick v. Gratiot Co Rd Comm, 203 Mich.App. 138, 511 N.W.2d 694 (1993), and because plaintiff failed to satisfy the notice requirements set forth in M.C.L. § 224.21; M.S.A. § 9.121, M.C.L. § 691.1402; M.S.A. § 3.996(102), and M.C.L. § 691.1404; M.S.A. § 3.996(104). At oral argument, defendant board abandoned the first of these issues because our Supreme Court has recently reversed Pick. Pick v. Szymczak, 451 Mich. 607, 548 N.W.2d 603 (1996). With respect to the notice argument, our Supreme Court has also recently reaffirmed that the notice statute cannot constitutionally be applied to bar a plaintiff's claim unless the failure to give notice results in actual prejudice to a defendant. Brown v. Manistee Co Rd Comm, 452 Mich. 354, 550 N.W.2d 215 (1996). Defendant board had argued that prior recent Supreme Court precedents suggested a retreat from the actual prejudice requirement. To the extent that defendant board has not abandoned its notice argument, we conclude, in light of Brown, that defendant board has not made a showing of actual prejudice and that the denial of the motion for summary disposition was appropriate.
[2] In In re McDivitt Estate, 169 Mich.App. 435, 425 N.W.2d 575 (1988), this Court approved a claim against an estate. Plaintiff argues that McDivitt means that a claim against an estate is the only way that mediation sanctions may properly be collected. However, McDivitt did not consider the wrongful death act, which plaintiff here argues leads to that result, and nothing in McDivitt suggests that this is the exclusive approach to be taken by litigants seeking mediation sanctions.McDivitt approved a claim against an estate for mediation sanctions in the context of a case where there was no judgment in favor of the estate against which those sanctions could be offset. McDivitt did not consider or foreclose the possibility of reducing a judgment by the amount of mediation sanctions and using part of the remaining judgment amount to satisfy mediation sanctions owed another defendant, the situation at issue here.
[3] The record is unclear concerning the extent of damages resulting from decedent's conscious pain and suffering before death, whether the estate had other assets, whether other creditors may have claims against the estate superior to those of defendants, and similar factors relating to the ability of the estate to satisfy any award of mediation sanctions that might be imposed on it.