COLBERT v PRIMARY CARE MEDICAL, PC

Docket No. 181242. Submitted September 11, 1996, at Detroit. Decided October 21, 1997, at 9:15 A.M.

Verna Colbert, as personal representative of the estate of her deceased husband, Alton Colbert, brought an action in the Wayne Circuit Court against Primary Care Medical, P.C., Joel Shavell, D.O., and Saratoga Community Hospital, alleging medical malpractice. A settlement was reached with Saratoga Hospital, and, following a jury verdict of no cause of action in favor of Primary Care and Dr. Shavell, the court, Marianne O. Battani, J., entered a judgment for them. Primary Care and Dr. Shavell filed a lien against the settlement proceeds to cover costs and mediation sanctions and the court granted their motion for costs and sanctions, but provided that the plaintiff's attorneys would have first priority in the payment of their costs and fees from the settlement proceeds. The plaintiff appealed and Primary Care and Dr. Shavell cross appealed.

The Court of Appeals *held*:

1. The plaintiff failed to demonstrate error requiring reversal with regard to the trial court's refusal to dismiss a juror for cause.

2. The trial court did not err in allowing the introduction of relevant evidence of spousal abuse by the decedent.

3. Any error that may have occurred with regard to the admission of evidence showing that Verna Colbert had received public assistance was harmless.

4. The trial court did not err in instructing the jury with regard to comparative negligence.

5. Mediation sanctions may be imposed against a wrongful death judgment in a case where there is a single defendant. Furthermore, mediation sanctions are to be deducted from a judgment before the calculation of the attorney's contingent fee. Whether a different result should apply in multiple-defendant cases was not address by the trial court. Therefore, the matter must be remanded for a determination regarding the distribution of the settlement proceeds. In particular, the court must determine whether the award against Saratoga Hospital should be treated the same as a judgment against Primary Care and Dr. Shavell or if Primary Care and Dr. Shavell

should be treated as just other creditors (and, if so, at what level of priority) with respect to the award against Saratoga Hospital.

6. Primary Care and Dr. Shavell may not look to the heirs and beneficiaries of the decedent's estate for the collection of any unpaid mediation sanctions. Although the proceeds of the litigation should be available to pay sanctions before any distribution to the beneficiaries, that is the limit of the beneficiaries' responsibility: the amount that would otherwise be distributed to them.

7. The trial court did not clearly err in determining the amount of expert fees that the plaintiff could recover as costs from the proceeds of the settlement.

Affirmed in part and remanded in part.

1. Jury — Voir Dire — Challenges for Cause.

The Court of Appeals reviews a trial court's denial of a challenge of a juror for cause for an abuse of discretion; to demonstrate error, the challenging party must show, inter alia, that it demonstrated a desire to excuse another, subsequently summoned juror; the challenging party must manifest such a desire by additional challenges for cause after exhausting its peremptory challenges, a request for additional peremptory challenges, or an expression of dissatisfaction with a juror who could not be excused because of the exhaustion of peremptory challenges.

2. Decedent's Estates — Actions — Mediation Sanctions.

Defendants in a medical malpractice action brought by a decedent's estate may not look to the heirs and beneficiaries of the estate for the collection of any unpaid mediation sanctions; although the proceeds of the litigation are available to pay mediation sanctions before any distribution to the heirs and beneficiaries, the limit of the heirs and beneficiaries' responsibility for such sanctions is the amount that would otherwise be distributed to them; any unpaid mediation sanctions is a debt of the estate.

*Thurswell, Chayet & Weiner* (by *Tammy J. Reiss* and *Judith A. Susskind*), for the plaintiff.

*Siemion, Huckabay, Bodary, Padilla, Morganti & Bowerman, P.C.* (by *Raymond W. Morganti*), for Primary Care Medical, P.C., and Joel Shavell, D.O.

Before: REILLY, P.J., and SAWYER and W. E. COLLETTE*, JJ.

PER CURIAM. Plaintiff appeals, and Primary Care Medical, P.C., and Joel Shavell, D.O. (hereafter defendants), cross appeal, from an order of the circuit court entering judgment on the settlement between plaintiff and defendant Saratoga Community Hospital. The issues raised on appeal, however, relate to earlier orders entered on a no-cause jury verdict and an order awarding costs and mediation sanctions. We affirm in part and remand in part.

Plaintiff's decedent sought treatment from defendant Shavell, who was part of defendant Primary Care, on October 12, 1989. Dr. Shavell ordered various tests. The following day, the decedent's wife called Dr. Shavell to report that the decedent was still in pain, vomiting, and acting strange. Dr. Shavell advised her to immediately take the decedent to Saratoga Hospital. She did. Later that day, the decedent suffered a cardiopulmonary arrest and died shortly thereafter.

Dr. Werner Spitz performed an autopsy and concluded that the decedent died from acute hemorrhagic pancreatitis. Dr. Spitz also concluded that the decedent was an alcoholic.

Plaintiff instituted this action, alleging medical malpractice. Specifically, plaintiff alleged failure to accurately and timely diagnose the decedent, failure to timely admit him to the hospital, failure to properly review his medical history, and failure to exercise reasonable care in performing and ordering the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

proper tests. A settlement was reached with Saratoga Hospital and the jury trial against Dr. Shavell and Primary Care resulted in a no-cause verdict. Thereafter, Dr. Shavell and Primary Care filed a lien against the settlement proceeds to cover costs and mediation sanctions. The trial court granted costs and sanctions, but provided that plaintiff's attorneys would have first priority in the payment of their costs and fees from the settlement proceeds.

On appeal, plaintiff first argues that the trial court erred in refusing to dismiss a juror for cause when the juror repeatedly expressed opinions that he would be biased against plaintiff. We review a trial court's denial of a challenge for cause for an abuse of discretion. *Jalaba v Borovoy*, 206 Mich App 17, 23; 520 NW2d 349 (1994). To demonstrate error requiring reversal, plaintiff must show, inter alia, that she had demonstrated a desire to excuse another, subsequently summoned juror. *Poet v Traverse City Osteopathic Hosp*, 433 Mich 228, 239-241; 445 NW2d 115 (1989). Plaintiff has made no such showing. She had to manifest such a desire by additional challenges for cause after exhausting her peremptories, a request for additional peremptories, or even a simple expression of dissatisfaction with a juror who could not be excused because of the exhaustion of peremptories. *Id.* at 255, n 26. Plaintiff in this case did not even show a simple expression of dissatisfaction with any juror subsequently summoned. Accordingly, plaintiff has failed to demonstrate that she is entitled to relief.

Next, plaintiff argues that the trial court erred in allowing defendants to introduce evidence of spousal abuse by the decedent and the plaintiff's receipt of public assistance. With respect to the evidence of

spousal abuse, this was certainly relevant. Specifically, it was relevant to plaintiff's claims for loss of society and relationship. Furthermore, it was relevant to the issue of the decedent's alcoholism and plaintiff's claim that the decedent did not have a drinking problem. Furthermore, plaintiff opened the door to these issues when she raised her entire thirty-year relationship with the decedent in support of her claim for loss of society and relationship and when she offered a reason for filing for divorce from the decedent in the 1970s.

With respect to the issue of plaintiff's having received Aid to Dependent Children benefits, even if the admission of this evidence was error, any error was harmless. This evidence could have affected the calculation of damages, but the jury never reached the issue of damages. Accordingly, the issue is moot.

Plaintiff next argues that the trial court erred in instructing the jury on comparative negligence based on Dr. Shavell's warning to the decedent to stop drinking when the veracity of defendant Shavell and the reliability of the medical records were seriously in question. The trial court's decisions on jury instructions are reviewed for an abuse of discretion. *Williams v Coleman*, 194 Mich App 606, 623; 488 NW2d 464 (1992). We are not persuaded that the trial court erred.

First, the basis of plaintiff's challenge is that the evidence on this issue was not credible. However, it is for the jury to determine credibility. That is, the instruction was relevant only if the jury found the underlying evidence to be credible. If the jury rejected the evidence, then it would act accordingly under the instruction. Furthermore, even if error

occurred, the error was harmless. Comparative negligence is relevant to the issue of damages, an issue not reached in this case.

Next, both parties challenge the trial court's distribution of the settlement proceeds received from Saratoga Hospital. We review the court's distribution of wrongful death settlement proceeds under the clearly erroneous standard. *In re Claim of Carr*, 189 Mich App 234, 238; 471 NW2d 637 (1991). Resolution of this issue, however, is contingent upon issues not addressed by the trial court or briefed by the parties.

First, it is settled that mediation sanctions may be imposed against a wrongful death judgment. *Mason v Cass Co Bd of Co Rd Comm'rs*, 221 Mich App 1; 561 NW2d 402 (1997). Furthermore, mediation sanctions are to be deducted from a judgment *before* the calculation of the attorney's contingent fee. See *Bennett v Weitz*, 220 Mich App 295; 559 NW2d 354 (1996). However, while this addresses the case with a single defendant, it does not resolve the matter when, as here, there are multiple defendants.[1]

We cannot resolve this question on the basis of the briefs and record before us because the critical question, whether a different result should apply in multiple-defendant cases, was not addressed below or briefed by the parties. Rather, plaintiff's argument assumes that the award against the codefendant, Saratoga Community Hospital, is completely unrelated to the litigation against defendants and, therefore, can only be attached by defendants to the same extent any other creditor (or at least any creditor on the

---

[1] In fact, *Bennett* specifically acknowledges the fact that a different result may apply where there is a prior settlement with a codefendant. *Id.* at 298.

"expenses of administration" order of priority) can attach it. Defendants, on the other hand, proceed from the assumption that there is no difference between an award against defendants and an award against the codefendant. The arguments of both parties are cogent and their conclusions compelling—if we accept the assumption from which each begins its analysis. Because the parties have not briefed the question which of these initial assumptions are correct, we are not willing to conclude which party reaches the correct result. Rather, we believe the best resolution is to remand the matter to the trial court where additional briefing and argument may take place.

On remand, the trial court is to determine whether the award against the codefendant should be treated the same as a judgment against defendants or if defendants should be treated as just other creditors (and, if so, at what level of priority) with respect to the award against the codefendant.

This brings us to the next point raised by defendants, namely, the issue whether they may look to the beneficiaries of the decedent's estate for the payment of any unpaid portion of the mediation sanctions.[2] We do not believe that the trial court erred in holding that defendants could not look to the heirs and beneficiaries of the estate for the collection of any unpaid mediation sanction. This is an action by the estate, not by the beneficiaries. The beneficiaries may have little or no control over the litigation. It would be inequitable to hold them responsible for a decision

---

[2] It does appear that the settlement is inadequate to pay all the sanctions under either resolution of this issue.

over which they had no control merely because, by statute, they are entitled to a portion of the proceeds if the action is successful. With respect to the personal representative, certainly the personal representative has control over the litigation. However, by definition, the personal representative is only serving in a representative or agency capacity. Furthermore, the personal representative may or may not have a beneficial interest in the litigation. In any event, we are not aware of any rule that states an agent who makes a decision regarding mediation is responsible for the payment of sanctions if his principal is uncollectable. Defendants have not provided such authority and we are not persuaded that we should create such a rule.

We agree that the proceeds of the litigation should be available to pay sanctions before any distribution to the beneficiaries. That, however, is the limit of the beneficiaries' responsibility: the amount that would otherwise be distributed to them. Furthermore, any unpaid mediation sanction will be a debt of the estate. See *In re McDivitt Estate*, 169 Mich App 435, 440; 425 NW2d 575 (1988). It is certainly possible that a particular estate may be insolvent and unable to pay such sanctions. However, there is never any guarantee that a party will be collectable. That is certainly no justification to look to nonparties to collect the sanctions.

Finally, defendants argue that the trial court erred in determining the amount of expert fees that plaintiff could recover as costs from the proceeds of the settlement. We disagree. The trial court inquired into the matter and we are not persuaded that it clearly erred in its findings. MCR 2.613(C).

Affirmed in part and remanded in part. We do not retain jurisdiction. No taxable costs pursuant to MCR 7.219, neither party having prevailed in full.